Nos. 23-1083 and 23-1084

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

SGCI HOLDINGS III LLC, TEGNA INC.,
AND CMG MEDIA CORPORATION, APPELLANTS

*v.*

FEDERAL COMMUNICATIONS COMMISSION, APPELLEE

IN RE SGCI HOLDINGS III LLC, TEGNA INC.,
AND CMG MEDIA CORPORATION, PETITIONERS

# REPLY IN SUPPORT OF EMERGENCY
# MOTION TO EXPEDITE AND CONSOLIDATE

| | |
|---|---|
| Kevin F. King | Miguel A. Estrada |
| Jennifer A. Johnson | *Counsel of Record* |
| Jocelyn G. Jezierny | Jonathan C. Bond |
| COVINGTON & BURLING LLP | GIBSON, DUNN & CRUTCHER LLP |
| One CityCenter | 1050 Connecticut Avenue, N.W. |
| 850 Tenth Street, N.W. | Washington, D.C. 20036 |
| Washington, D.C. 20001 | (202) 955-8500 |
| (202) 662-6000 | mestrada@gibsondunn.com |
| | |
| *Counsel for Appellant/* | *Counsel for Appellant/Petitioner* |
| *Petitioner TEGNA Inc.* | *SGCI Holdings III LLC* |

*[Additional Counsel Listed On Inside Cover]*

| | |
|---|---|
| David E. Mills<br>Michael D. Basile<br>Henry H. Wendel<br>COOLEY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Suite 700<br>Washington, D.C. 20004<br>(202) 842-7800<br><br>*Counsel for Appellant/<br>Petitioner CMG Media<br>Corporation* | Stephen J. Hammer<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>(214) 698-3100<br><br>Scott R. Flick<br>Jessica T. Nyman<br>PILLSBURY WINTHROP<br>  SHAW PITTMAN LLP<br>1200 Seventeenth Street, N.W.<br>Washington, D.C. 20036<br>(202) 663-8000<br><br>*Counsel for Appellant/Petitioner<br>SGCI Holdings III LLC* |

## INTRODUCTION

The only question to be resolved on the broadcasters' emergency motion is purely procedural. As we explained (Mot. 5), and the Commission confirms in its opposition (at 1 n.1), it already "has agreed to expedited briefing in the mandamus proceeding in accordance with the schedule set forth" in the broadcasters' emergency motion to expedite and consolidate. The sole disputed issue thus is whether the broadcasters' direct appeal should be considered together with the mandamus proceeding—in other words, whether the cases should be consolidated for briefing on the same schedule agreed upon for the mandamus petition.

That simple, streamlined course makes eminent sense. Both proceedings arise from the same course of conduct by the Commission, and the proceedings provide alternative avenues to relief from the same injury suffered by the broadcasters. Which of those alternative paths is appropriate turns on whether this Court ultimately concludes that the Commission's actions to date are best characterized as finally rejecting the broadcasters' applications, or instead as refusing (in the broadcasters' view, unlawfully) to render any final decision. The broadcasters and the

1

Commission take different views of that question, reflecting different understandings of controlling precedent on finality of agency action. But the broadcasters, in an abundance of caution, have pursued both avenues in the alternative, to ensure that this Court is able to grant effectual relief—whichever characterization it ultimately adopts.

The Court should structure the proceedings to ensure that it can consider all of the relevant alternatives at once. It should not artificially limit the options that will be available to it at the conclusion of the case—or set a briefing structure that requires it to *assume*, as a precondition of entertaining the mandamus petition, that the direct appeal cannot go forward—when the very issue of the Hearing Order's finality remains to be litigated in the appeal.

Both proceedings, moreover, present the same issues, which the Court will confront whether or not it consolidates the proceedings and aligns the schedules. Both the direct appeal and the mandamus action present the core merits issues of whether the agency proceedings are unconstitutionally structured, whether the Commission has exceeded its statutory authority, and whether the Hearing Order is arbitrary and capricious. And even the question of whether the Hearing Order is a final,

2

reviewable agency order will arise in both proceedings. The Court's consideration of mandamus—which the Commission does not dispute the broadcasters may seek—will require it to determine whether the broadcasters have any other available remedy, including a statutory appeal from the Hearing Order itself. The Commission's own confidence that no such appeal will lie is inadequate assurance for the broadcasters—and an insufficient basis on which to rest a decision of this Court.

The immediate question is thus whether the Court should (as the broadcasters propose) consider the issues in a single, streamlined proceeding that can provide prompt resolution across the board, or instead (as the Commission contends) pursue bifurcated proceedings, with duplicative briefing tracks. The answer to that procedural question is clear-cut. Consolidation would enable the court to direct simplified briefing: at the Court's preference, the Commission could file a single brief responding to the appeal and mandamus petition (of whatever length the Court deems appropriate in light of the broadcasters' aggregate submissions), and the broadcasters could file a single consolidated reply. The intervenors likewise could be directed to file one brief.

3

To be sure, the Commission's motion to dismiss (filed March 29) has necessitated some duplicative briefing. At the Court's direction, the broadcasters are responding to that submission concurrently with this reply. But the mere fact that the Commission has attempted to litigate the finality of the Hearing Order and the viability of the direct appeal in that collateral filing does not tie this Court's hands or compel the Court to choose today which appellate vehicle will proceed. As our opposition to the Commission's motion to dismiss demonstrates, and as our opening appeal brief (to be filed later today) will further show, the better view is that the Hearing Order is final and reviewable now. At most, the Commission's motion identifies an issue that can and will be addressed in merits briefing. That course comports with this Court's well-established practice of deferring motions to dismiss to the merits panel. See, *e.g.*, *New York Stock Exchange LLC* v. *SEC*, 2 F.4th 989, 991-992 (D.C. Cir. 2021); *Allegheny Defense Project* v. *FERC*, 964 F.3d 1, 7 (D.C. Cir. 2020) (en banc); *Castro County* v. *Crespin*, 101 F.3d 121, 124 (D.C. Cir. 1996); *Monzillo* v. *Biller*, 735 F.2d 1456, 1459 (D.C. Cir. 1984); *Sierra Club* v. *Gorsuch*, 715 F.2d 653, 656 (D.C. Cir. 1983).

It would be especially sensible to adhere to that well-worn path here given the Commission's agreement that expedited plenary briefing of the mandamus action is appropriate. On that stipulated schedule, briefing will be complete in just over two weeks—in both cases, if the Court consolidates the cases and applies the same schedule to both. The Commission identifies no advantage from putting the cases on separate tracks.

The intervenors' objections to expedition and consolidation likewise miss the mark. Their claim that the broadcasters will suffer no irreparable harm from delay is irreconcilable with the record and the Commission's own concessions. And their remaining arguments, which focus on whether the license transfers should be approved, are premature. Such merits arguments should be presented to the Court in connection with the merits briefing, not considered when deciding a purely procedural motion regarding the briefing schedule.

The motion to expedite and consolidate should be granted.

## ARGUMENT

The Commission concedes (at 1 n.1) that expedition of the mandamus action is warranted. The Commission's sole objection to applying the same schedule to the appeal and consolidating the proceedings is that

5

the appeal arises from action the agency asserts is non-final. But this procedural motion is hardly the appropriate place to adjudicate that weighty jurisdictional question. Instead, the Court should decide the finality issue after plenary briefing.

The case for putting the direct appeal on that same accelerated briefing schedule is a simple one: The direct appeal involves the same parties, the same underlying agency conduct, most if not all of the same issues, and the same urgency as the mandamus action.

Intervenors' objections to expedition fail as well. As the Commission itself all but acknowledges, the broadcasters will suffer irreparable harm absent expedition. And intervenors' arguments on the merits are both premature and unfounded.

A.  Apart from the dispute over finality, there is no question that the criteria for expedition and consolidation are satisfied. The Commission agrees that the mandamus action should be expedited according to the schedule that the broadcasters propose. The case for likewise expediting the direct appeal is straightforward: the two actions arise from the same agency conduct and simply seek relief for the same injuries by alternative paths. If the Court concludes that the Commission's action is

final, it should resolve the direct appeal. If the Court decides that the Commission's action is non-final, it should resolve the mandamus action. The appropriate path thus depends on how the Court resolves the finality question, which all agree must be litigated and decided by this Court.

The Court should consider both potential paths together and decide the finality question once. At a minimum, it should preserve for itself the option to take either path. Applying the same schedule to both actions is sensible, as they involve the same issues and the same urgency.

B.   The only real dispute concerns the finality of the Hearing Order. As we showed in our notice of appeal, explain contemporaneously in our opposition to the Commission's motion to dismiss, and will further demonstrate in our opening brief, that agency action is final.*

The Commission's contrary position misperceives a basic principle recognized by this Court for more than half a century: an agency that

---

  *  Because the briefing schedule for the direct appeal has not been set, the broadcasters will be filing with their opening brief in the direct appeal an appendix that is substantively identical to the mandamus petition addendum filed on March 27, 2023. The broadcasters file this appendix without prejudice to other parties' ability to file supplemental appendices.

7

effectively resolves an issue while withholding a formal recital of its decision has acted, and its decision is reviewable. See, *e.g.*, *Environmental Defense Fund, Inc.* v. *Hardin*, 428 F.2d 1093, 1098-1100 (D.C. Cir. 1970). The Commission's Hearing Order marks its definitive word here because, as the Commission well knows, the transaction must be completed by May 22, 2023, or it will die. Add. 1034. The Commission's insinuations about the source of that deadline, Mot. to Dismiss 10-11, are unfounded, but for present purposes they are beside the point: the Commission is aware that any decision it makes will be academic unless made before May 22. By setting the agency proceeding on a course that cannot be completed by then, the Commission has made up its mind—forswearing the ability to decide the proceeding in time. Indeed, just yesterday, the ALJ set an initial status conference for April 26, less than a month before the May 22 deadline, underscoring that the Hearing Order was an effort to block—not facilitate—the merger. Initial Case Order at 2, MB Docket No. 22-162, FCC 23M-08 (Mar. 29, 2023).

In any event, the parties' disagreement over finality provides no basis for denying expedition and consolidation. The Hearing Order's finality should be resolved by this Court after plenary consideration. All

8

agree that the finality issue will have to be litigated and decided by the Court. But there is no reason to presuppose the answer to that question in determining the structure and schedule of proceedings.

C. Because the Court should have the benefit of plenary consideration on all issues before it chooses which path to take (mandamus or direct appeal), the only question is how to structure the cases procedurally. Occam's razor cuts through any complexity here. The Commission agrees that the mandamus action should be expedited. And that proceeding is intertwined with and raises the same issues as the appeal—merely under slightly different rubrics. They should accordingly be briefed and considered together under a single, straightforward briefing schedule that will facilitate prompt resolution. The Commission identifies no advantage to be gained by splitting the proceedings apart.

Blackletter rules point to the same conclusion as common sense. The question whether to consolidate these proceedings and put them on the same track turns only on whether the two actions involve "essentially the same parties or the same, similar, or related issues," and whether consolidation would help to "achieve the most efficient use of the Court's

9

resources, as well as to maintain consistency in its decisions." D.C. Cir. Handbook of Practice & Internal Procedures 24 (2021).

Those criteria are readily met here. The mandamus action and direct appeal involve the same parties. And the two proceedings are so closely related that considering them in a single, streamlined action is clearly the most efficient way to proceed. The proceedings are connected here in a powerful way: mandamus and merits relief function as remedial alternatives depending on the Court's determination of whether the Commission has issued a final denial of the license-transfer applications. See, *e.g.*, *In re Siler*, 571 F.3d 604, 608 (6th Cir. 2009) (noting that mandamus can function as an "alternative form of relief" to a direct appeal). Consolidation also would serve judicial economy by enabling the parties to file consolidated plenary briefs and avoid unnecessary duplication of argument on the many identical issues in both proceedings.

That the Commission has now moved to dismiss on finality grounds changes nothing. The Commission cannot help itself to the procedural format it prefers based on its own confident assertion in a separate filing that the appeal should be dismissed. The Court should not allow its own options to be restricted artificially by the agency's assumption that it will

10

succeed in eventually having the direct appeal dismissed. The simpler, more rational approach is to resolve that finality question in the ordinary course with the benefit of plenary consideration—not based on the Commission's assurance that it has the better of the finality fight.

This Court's routine practice in analogous circumstances is to defer resolution of issues raised by motions to dismiss and carry jurisdictional issues with the case, to be resolved by the merits panel. See p. 4, *supra*. Adhering to that settled practice is particularly appropriate here because the Commission has agreed to an expedited briefing schedule for the mandamus action. Rather than have the parties brief—and this Court decide—the issue of finality in two separate actions on two separate timelines, the Court should simply consolidate these actions and decide that issue a single time on the expedited basis that the broadcasters propose.

D. The intervenors' objections to expedition are unavailing. They contend (Opp. 4-8) that the broadcasters will not suffer imminent harm from a delay. That assertion is at odds with reality. The Commission's own Enforcement Bureau has conceded that the financing for the merger will be irreversibly lost on May 22. Add. 1034. That recognition

11

presumably underlies the Commission's agreement to expedition of the mandamus action.

The intervenors' contention (Opp. 5) that the broadcasters could have bargained for still more extensions is factually unfounded and in any event has no limiting principle. Under that theory, agencies could prolong proceedings indefinitely on the theory that regulated entities have the hypothetical ability to negotiate for more time.

That notion defies economic reality. The broadcasters negotiated for commercially reasonable arrangements that gave the Commission more than enough time to process the applications. The Commission's policy is to try to resolve license-transfer applications in 180 days, and comparable transactions have been resolved in 62 to 185 days. FCC, *Informal Timeline for Consideration of Applications for Transfers or Assignments of Licenses or Authorizations Relating to Complex Mergers*, bit.ly/3FcxUMe (last visited Mar. 30, 2023); Add. 1038. By contrast, the broadcasters brought this matter to the Commission with *14 months* of runway. But because of the agency's unjustified delay and unlawful Hearing Order, the broadcasters' ability to close the merger will be irreparably lost come May 22.

12

The intervenors' remaining arguments concern the merits of the license-transfer applications rather than the proper procedure for briefing these cases. For example, intervenors' antitrust concerns (Opp. 11) and defenses concerning the ALJ's for-cause removal protections (Opp. 12)—both of which are baseless in any event, as the broadcasters will show in due course—have no bearing on whether the cases should be consolidated and briefed on a single, streamlined schedule.

## CONCLUSION

This Court should grant the emergency motion to consolidate and expedite.

| | |
|---|---|
| March 30, 2023 | Respectfully submitted, |
| |   /s/ *Miguel A. Estrada* |
| Kevin F. King | Miguel A. Estrada |
| Jennifer A. Johnson |   *Counsel of Record* |
| Jocelyn G. Jezierny | Jonathan C. Bond |
| COVINGTON & BURLING LLP | GIBSON, DUNN & CRUTCHER LLP |
| One CityCenter | 1050 Connecticut Avenue, N.W. |
| 850 Tenth Street, N.W. | Washington, D.C. 20036 |
| Washington, D.C. 20001 | (202) 955-8500 |
| (202) 662-6000 | mestrada@gibsondunn.com |
| | |
| *Counsel for Appellant/Petitioner* | Stephen J. Hammer |
| *TEGNA Inc.* | GIBSON, DUNN & CRUTCHER LLP |
| | 2001 Ross Avenue, Suite 2100 |
| | Dallas, TX 75201 |
| | (214) 698-3100 |
| | |
| David E. Mills | Scott R. Flick |
| Michael D. Basile | Jessica T. Nyman |
| Henry H. Wendel | PILLSBURY WINTHROP |
| COOLEY LLP |   SHAW PITTMAN LLP |
| 1299 Pennsylvania Avenue, N.W. | 1200 Seventeenth Street, N.W. |
| Suite 700 | Washington, D.C. 20036 |
| Washington, D.C. 20004 | (202) 638-8000 |
| (202) 842-7800 | |
| | |
| *Counsel for Appellant/Petitioner* | *Counsel for Appellant/Petitioner* |
| *CMG Media Corporation* | *SGCI Holdings III LLC* |

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned certifies that this reply complies with the applicable typeface, type style, and type-volume limitations. This reply was prepared using a proportionally spaced type (New Century Schoolbook, 14 point). Exclusive of the portions exempted by Federal Rule of Appellate Procedure 32(f) and D.C. Circuit Rule 32(e)(1), this reply contains 2,444 words. This certificate was prepared in reliance on the word-count function of the word-processing system used to prepare this reply.

| | |
|---|---|
| March 30, 2023 | Respectfully submitted, |
| | /s/ *Miguel A. Estrada* |
| | Miguel A. Estrada |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| | Washington, D.C. 20036 |
| | (202) 955-8500 |
| | mestrada@gibsondunn.com |

# CERTIFICATE OF SERVICE

I hereby certify that, on March 30, 2023, I electronically filed the foregoing reply with the Clerk for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that I have caused the foregoing reply to be hand-delivered in hard copy to the Clerk's Office of the United States Court of Appeals for the District of Columbia Circuit.

March 30, 2023

Respectfully submitted,

_/s/ Miguel A. Estrada_
Miguel A. Estrada
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
mestrada@gibsondunn.com